■ PAUL RODRIGUEZ, an Infant, by His Mother, ALICIA RODRIGUEZ, et al., Appellants, v MIDDLE ATLANTIC AUTO LEASING, INC., et al., Respondents. —Order, Supreme Court, Bronx County, entered February 6, 1980, is modified, on the facts, and in the exercise of discretion, to the extent that defendants Middle Atlantic and Crown are directed, within 30 days after service of a copy of the order hereon, to furnish the plaintiffs' attorney with a copy of any MV-104 form filed in connection with the accident here involved, and the names and addresses of any witnesses to the accident known to said defendants (other than plaintiff and Hector Martinez), or, if said defendants do not have any such material, they shall furnish an affidavit by an officer stating that a search of the records under defendants' control has been made for such material and defendants do not have it, and in the case of the MV-104, whether, so far as said defendants know, any such report was filed; and the order is otherwise affirmed, without costs. While defendants have indicated they do not have any documents other than what has already been furnished to plaintiffs, we think that in view of the plaintiff Paul Rodriguez' infancy, the age of the accident, and the apparent seriousness of the injuries, defendants should be required either to furnish the document and information directed above or state specifically by affidavit that they have searched their files for that document and information and do not have them. We recognize that in making this direction we may be acting out of excess of caution; but we note that at the time of the previous motions defendants' attorneys offered to furnish affidavits to this effect to plaintiffs' attorney and for some reason plaintiffs' attorney did not choose to accept this offer. The earlier requests for this information appear to have been made by motion for reargument and denied as not proper reargument, and were not passed on by this court on the previous appeal because the appeal from the order denying reargument was dismissed as not appealable. Concur—Fein, J. P., Sandler, Sullivan, Lupiano and Silverman, JJ.

■ AMSCO REALTY, INC., Respondent, v TOSHIBA AMERICA, INC., Appellant.—Order, Supreme Court, New York County, entered on June 4, 1980, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Appeal from the order of said court entered on April 14, 1980 is dismissed as academic, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Sandler, Markewich, Bloom and Yesawich, JJ.